Parraguirre, J.,
concurring in part and dissenting in part:
I concur with most of the majority’s determination, but I part company in their finding that the justice court abused its discretion in failing to adequately consider the delay or inconvenience the substitution of counsel would occasion.
Here, after Ogata sought to substitute as counsel and continue the preliminary hearing set that day, the justice court conducted a bench conference and thereafter stated several factors that directly implicated the inconvenience that a delay would cause. Particularly, the court noted that Tannery was qualified to handle the case and was prepared to proceed, and that both the State and codefendant’s counsel were prepared to move forward. Additionally, the court recognized the presence of the State’s out-of-state witness and implicit therein, the resulting inconvenience. Finally, the court noted that it did not believe that bifurcating the hearing was appropriate.
Under these circumstances, I do not find that the justice court abused its discretion.